IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FERNANDO LOPEZ,

    Petitioner,

v.   No. CIV 21-0856 JB/JFR

SWV HORTON and HECTOR BALDERAS,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner Fernando Lopez's failure to prosecute his Petition for Writ of Habeas Corpus, filed August 31, 2021 (Doc. 1)("Petition"). The Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Lopez to re-file his claims using the official federal habeas form and pay the $5.00 habeas filing fee. Order to Cure Deficiencies, filed December 8, 2021 (Doc. 4)("Order"). Because Lopez has not complied with or responded to the Order, and having reviewed applicable law and the record, the Court will dismiss the Petition without prejudice.

## BACKGROUND

Lopez is a state prisoner at the Guadalupe County Correctional Facility ("GCCF") in Santa Rosa, New Mexico. See Petition at 1, 19. A State court jury convicted him on June 24, 2011, of first-degree murder. See Petition at 18. Lopez initiated this case on August 31, 2021 by submitting the Petition, which appears on the New Mexico state habeas form (Form 9-701). See Petition at 1. Lopez challenges his murder conviction. See Petition at 1. He alleges that: (i) his interrogation was improper; (ii) his extradition was unlawful; (iii) his counsel was ineffective; and (iv) law enforcement officials made false accusations. See Petition ¶¶ 1-7, at 2-3. The Court

referred the matter to Magistrate Judge Robbenhaar for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, entered November 18, 2021 (Doc. 3)("Referral Order").

Magistrate Judge Robbenhaar entered the Order on December 8, 2021. See Order at 1. Magistrate Judge Robbenhaar directed Lopez to re-file his claims on the official federal 28 U.S.C. § 2254 form, to ensure full consideration of his habeas arguments. See Order at 1. Magistrate Judge Robbenhaar further directed Lopez to prepay the $5.00 habeas filing fee or, alternatively, file a motion to proceed in forma pauperis. See Order at 1. The Clerk's Office mailed Lopez a blank § 2254 petition and a blank motion to proceed in forma pauperis, with instructions. See Order at 1. The Order warned Lopez that the failure to address timely the filing fee may result in dismissal of this action without further notice.[1]

The deadline to comply with the Order was January 7, 2021. See Order at 1. Lopez did not comply or otherwise respond to the Order. The Court therefore will analyze whether to dismiss this action for failure to prosecute and to comply with the Order and the Referral Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of

---

[1] The Court often directs habeas petitioners to clarify their claims using the official habeas form, which contains more detailed information and provides the best chance for a pro se litigant to survive screening. The failure to complete the official forms, standing alone, is rarely grounds for dismissal; failing to complete the required forms merely decreases the chances that a skeletal petition will survive initial review under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019. The filing fee, however, must be paid in every case unless the movant obtains leave to proceed in forma pauperis. See 28 U.S.C. § 1915(a). The failure to address the filing fee is always grounds for dismissal without prejudice. Accordingly, the dismissal warning in the Order was directed specifically to the statutory filing fee requirement.

an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).  See <u>AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.</u>, 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting <u>Reed v. Bennett</u>, 312 F.3d 1190, 1195 (10th Cir. 2002)).  As the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  <u>Rogers v. Andrus Transp. Servs.</u>, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." <u>Davis v. Miller</u>, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center</u>, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center</u>, 492 F.3d at 1162.  Those criteria include: (i) "the degree of actual prejudice to the defendant"; (ii) "the amount of interference with the judicial process"; (iii) "the culpability of the litigant"; (iv) "whether the court warned the party in advance that dismissal of the action

would be a likely sanction for noncompliance"; and (v) "the efficacy of lesser sanctions." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d at 1162.

Here, Lopez has not addressed the $5.00 filing fee for this § 2254 action, as 28 U.S.C. § 1915(a) and the Order require, or shown cause for such inaction. In light of this failure, the Court will dismiss this case pursuant to rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center.

**IT IS ORDERED** that: (i) the Petition for Writ of Habeas Corpus, filed August 31, 2021 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Fernando Lopez
Santa Rosa, New Mexico

    *Plaintiff pro se*